MEMORANDUM **
Kenneth Kilpatrick (“Kilpatrick”) appeals the district court’s grant of summary judgment in his 42 U.S.C. § 1983 suit against Officers Carlos Quiroz (“Quiroz”) and Robert Hernandez ■ (“Hernandez”). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court.
The district court properly granted summary judgment on Kilpatrick’s Sixth Amendment claim against defendant Qui-roz because Kilpatrick failed to raise a genuine issue of material fact as to whether Quiroz fabricated evidence or filed a false police report. See Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1117 (9th Cir.2009) (“Summary judgment is proper ‘if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.’ ” (quoting Fed.R.CivP. 56(c))).
The district court properly granted summary judgment on Kilpatrick’s Fourth Amendment claim against Quiroz because Kilpatrick failed to show that Quiroz lacked probable cause for the arrest. See Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir.2009) (“The Fourth Amendment requires police officers to have probable cause before making a war-rantless arrest.”). For the same reason, Kilpatrick’s malicious prosecution claim fails. See HMS Capital, Inc. v. Lawyers Title Co., 118 Cal.App.4th 204, 12 Cal.Rptr.3d 786, 793 (2004) (stating that a claim of malicious prosecution under California law is established by showing that an action “(1) was commenced by or at the direction of the defendant, or the defendant continued to prosecute it after discovering it lacked probable cause, and it was pursued to a legal termination in plaintiffs favor; (2) was brought without probable cause; and (3) was initiated with malice”).
*85 The district court properly granted summary judgment on Kilpatrick’s Eighth Amendment claim against defendant Robert Hernandez because Kilpatrick presented no evidence of an official policy or custom that violated Kilpatrick’s constitutional rights. See Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.